# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF

In re: §
§
KARNER, JOHN E. § Case No. 12-00244
KARNER, SALLY A. §
§
Debtor(s) §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter   of the United States Bankruptcy Code was filed on
   . The undersigned trustee was appointed on          .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of           $

   Funds were disbursed in the following amounts:

   Payments made under an interim
   disbursement
   Administrative expenses
   Bank service fees
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor
   Other payments to the debtor

   Leaving a balance on hand of[1]           $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $\_\_\_\_ as interim compensation and now requests a sum of $\_\_\_\_, for a total compensation of $\_\_\_\_ [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $\_\_\_\_, and now requests reimbursement for expenses of $\_\_\_\_, for total expenses of $\_\_\_\_ [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____    By:/s/GINA B. KROL_____
                                                              Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**FORM 1**

Case 12-00244 **INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT** Desc Main
Doc 38 Filed 06/20/13 Entered 06/20/13 14:40:28 Page: 1
Document **ASSET CASES** Page 3 of 8

| Case No: | 12-00244 | DRC | Judge: Donald R. Cassling | | Trustee Name: | GINA B. KROL | |
|---|---|---|---|---|---|---|---|
| Case Name: | KARNER, JOHN E. | | | | Date Filed (f) or Converted (c): | 01/05/12 (f) | Exhibit A |
| | KARNER, SALLY A. | | | | 341(a) Meeting Date: | 03/06/12 | |
| For Period Ending: 05/22/13 | | | | | Claims Bar Date: | 11/23/12 | |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. RESIDENCE: 325 E. INDIANA ST., WHEATON, IL | 467,290.00 | 0.00 | | 0.00 | FA |
| 2. FINANCIAL ACCOUNTS | 500.00 | 0.00 | | 0.00 | FA |
| 3. HOUSEHOLD GOODS | 2,500.00 | 0.00 | | 0.00 | FA |
| 4. WEARING APPAREL | 200.00 | 0.00 | | 0.00 | FA |
| 5. FURS AND JEWELRY | 200.00 | 0.00 | | 0.00 | FA |
| 6. PENSION / PROFIT SHARING | 5,548.00 | 0.00 | | 0.00 | FA |
| 7. STOCK | 0.00 | 0.00 | | 0.00 | FA |
| 8. VEHICLES | 3,000.00 | 0.00 | | 0.00 | FA |
| 9. VEHICLES | 3,500.00 | 0.00 | | 0.00 | FA |
| 10. VEHICLES | 8,700.00 | 0.00 | | 0.00 | FA |
| 11. MACHINERY AND SUPPLIES | 1,000.00 | 0.00 | | 0.00 | FA |
| 12. INHERITANCE (u) | 0.00 | Unknown | | 100,000.00 | FA |

| | | | | | Gross Value of Remaining Assets |
|---|---|---|---|---|---|
| TOTALS (Excluding Unknown Values) | $492,438.00 | $0.00 | | $100,000.00 | $0.00 |
| | | | | | (Total Dollar Amount in Column 6) |

_____

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Mrs. Karner's father died post-petition. Trustee to administer inheritance.

Initial Projected Date of Final Report (TFR): 10/31/13    Current Projected Date of Final Report (TFR): 10/31/13

/s/    GINA B. KROL
_____    Date: _____
GINA B. KROL

UST Form 101-7-TFR (5/1/2011) *(Page: 3)*

LFORM1                                                                                           Ver: 17.02d

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Page: 1

Exhibit B

| Case No: | 12-00244 -DRC | | Trustee Name: | GINA B. KROL |
|---|---|---|---|---|
| Case Name: | KARNER, JOHN E. | | Bank Name: | ASSOCIATED BANK |
| | KARNER, SALLY A. | | Account Number / CD #: | *******0683 Checking Account (Non-Interest Earn |
| Taxpayer ID No: | *******8822 | | | |
| For Period Ending: | 05/22/13 | | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| 03/07/13 | 12 | Scott Rambo | Inheritance | 1229-000 | 100,000.00 | | 100,000.00 |

|   |   |   |   |
|---|---|---|---|
| COLUMN TOTALS | 100,000.00 | 0.00 | 100,000.00 |
| Less: Bank Transfers/CD's | 0.00 | 0.00 | |
| Subtotal | 100,000.00 | 0.00 | |
| Less: Payments to Debtors | | 0.00 | |
| Net | 100,000.00 | 0.00 | |

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| TOTAL - ALL ACCOUNTS | | | |
| Checking Account (Non-Interest Earn - *******0683) | 100,000.00 | 0.00 | 100,000.00 |
| | 100,000.00 | 0.00 | 100,000.00 |
| | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

/s/　GINA B. KROL

Trustee's Signature: _____ Date: 05/22/13
　　　　　　　　　GINA B. KROL

**UST Form 101-7-TFR (5/1/2011)** *(Page: 4)*　　　Page Subtotals　　100,000.00　　0.00

Ver: 17.02d

LFORM24

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 12-00244
Case Name: KARNER, JOHN E.
            KARNER, SALLY A.
Trustee Name: GINA B. KROL

Balance on hand                                              $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: GINA B. KROL | $ | $ | $ |
| Attorney for Trustee Fees: Cohen & Krol | $ | $ | $ |
| Other: Cohen & Krol | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses        $_____

Remaining Balance                                             $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $      must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

    The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

    Timely claims of general (unsecured) creditors totaling $_____ have been allowed and will be paid pro rata only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be _____ percent, plus interest (if applicable).

    Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | American InfoSource LP as agent for Target<br>PO Box 248866<br>Oklahoma City, OK 73124-8866 | $ | $ | $ |
| 000003 | Quantum3 Group LLC as agent for World Financial Network Bank<br>PO Box 788<br>Kirkland, WA 98083-0788 | $ | $ | $ |
| 000004 | GE Capital Retail Bank<br>c/o Recovery Management Systems Corp<br>25 SE 2nd Ave Suite 1120<br>Miami FL 33131-1605 | $ | $ | $ |
| 000006 | Central Dupage Hospital<br>C/O H and R Accounts Inc<br>PO Box 672<br>Moline, IL 61265 | $ | $ | $ |
| 000008 | Sallie Mae<br>c/o Sallie Mae Inc.<br>220 Lasley Ave.<br>Wilkes-Barre, PA 18706 | $ | $ | $ |

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000010 | PYOD, LLC its successors and assigns as assignee of Citibank<br>Resurgent Capital Services<br>PO Box 19008<br>Greenville, SC 29602 | $ | $ | $ |
| 000011 | Capital One, N.A.<br>c o Becket and Lee LLP<br>POB 3001<br>Malvern, PA 19355-0701 | $ | $ | $ |

    Total to be paid to timely general unsecured creditors      $_____

    Remaining Balance      $_____


    Tardily filed claims of general (unsecured) creditors totaling $    have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be    percent.

    Tardily filed general (unsecured) claims are as follows:

NONE


    Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $    have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be    percent.

    Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

The amount of surplus returned to the debtor after payment of all claims and interest is $            .